zUNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| THOMAS J. NEWSOM, | |
| Plaintiff, | |
| v. | CAUSE NO.: 3:18-CV-945-JD-MGG |
| A. GORDON, | |
| Defendant. | |

OPINION AND ORDER

Thomas J. Newsom, a prisoner without a lawyer, is proceeding in this case "against A. Gordon in her individual capacity for compensatory and punitive damages for psychologically harassing him for the purpose encouraging him to harm himself on August 2, 2018, in violation of the Eighth Amendment . . .." ECF 9 at 2. Gordon filed a summary judgment motion arguing Newsom did not exhaust his administrative remedies. ECF 16. Newsom filed a response and Gordon filed a reply. ECF 22 and 23.

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "[t]o exhaust remedies, a prisoner must

file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024. Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010). "[I]nferences relying on mere speculation or conjecture will not suffice." *Trade Fin. Partners, LLC v. AAR Corp.*, 573 F.3d 401, 407 (7th Cir. 2009). Summary judgment "is the put up or shut up moment in a lawsuit . . .." *Springer v. Durflinger*, 518 F.3d 479, 484 (7th Cir. 2008).

Here, the parties do not dispute either the existence or terms of the grievance policy. Neither do they dispute the claims raised in this lawsuit were grievable or that Newsom did not complete the grievance process related to these claims. The dispute here is whether he understood the grievance process and whether he was prevented from filing a formal grievance. "[W]hen administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). However, a prisoner can be excused from failing to exhaust if the grievance process was effectively unavailable. *Woodford v. Ngo*, 548 U.S. 81, 102 (2006).

It is undisputed Newsom was familiar enough with the grievance process to have successfully filed four formal grievances prior to the events giving rise to this case. ECF 16-3. It is undisputed he tried to file a formal grievance about the issues in this case on August 23, 2018. ECF 22-3 at 1. It is undisputed it was rejected as untimely. ECF 22-3 at 2. It is undisputed the grievance policy requires a grievance be filed "no later than ten (10) business days from the date of the incident giving rise to the complaint or concern . . .." ECF 16-2 at 9. It is undisputed the grievance filed on August 23, 2018, was untimely because the date of the incident was August 2, 2018. ECF 22-3 at 1.

Newsom argues the grievance policy is confusing. ECF 22 at ¶ 5. He does not specifically say what part was confusing. The only relevant part of the grievance policy for this case is the portion setting the time limit for filing a formal grievance:

> An offender wanting to submit a grievance on an issue that he/she has been unable to resolve informally as outlined in Section X shall submit a completed State Form 45471, "Offender Grievance," no later than ten (10)

3

>business days from the date of the incident giving rise to the complaint or concern to the Offender Grievance Specialist.

ECF 16-2 at 9. Newsom had successfully filed a formal grievance on four prior occasions. He has presented nothing to show how the ten-business day deadline was confusing. Therefore, confusion is not a basis for finding the grievance process was unavailable to him.

Newsom argues it was impossible to have complied with the grievance process because he did not receive an answer to his informal grievance. ECF 22 at ¶ 1. However, receipt of an answer is not required. The policy requires, "Before filing a grievance, an offender is required to *attempt* to resolve a complaint informally and provide evidence (e.g., "To/From" correspondence, State Form 36935, "Request for Interview") of the *attempt*." ECF 16-2 at 8-9 (emphasis added). Therefore, not receiving an answer to his informal grievance is not a basis for finding the grievance process was unavailable to him.

Newsom argues he was unable to provide evidence of his attempt to use the informal grievance process because the "Request for Interview" he sent to the defendant on August 3, 2018, was not returned and it was impossible for him to have kept a copy. ECF 22 at ¶¶ 1-4. However, submitting a copy of that form was only one possible way for him to provide evidence of his effort to informally resolve the grievance. The policy does not require the use of a "Request for Interview" form – it only lists it as one possible way to demonstrate an attempt to informally resolve the grievance. Rather, the policy requires "open and courteous *discussion*." ECF 16-2 at 8

4

(emphasis added). It says "[t]he offender may do this by *discussing* the complaint with the staff member responsible for the situation or, if there is no such single person, with the person who is in charge of the area where the situation occurs." ECF 16-2 at 9 (emphasis added). Though in some situations, it may not be possible to discuss a grievance without filing a "Request for Interview," the policy does not explicitly require use of that form.[1] Additionally, even when the "Request for Interview" form is used, a copy is not the only possible evidence by which an inmate could indicate his informal attempts. The policy lists the form as one way to provide evidence, but it does not prohibit others – such as a statement from the inmate that he sent a "Request for Interview," which was not returned. Therefore, not having a copy of his "Request for Interview" form is not a basis for finding the grievance process was unavailable to him.

Newsom argues guards told other inmates they must wait for a response to the "Request for Interview" before filing a formal grievance. ECF 22 at ¶ 1. He does not say which guards, which inmates, nor when these statements were made. Dispositively, he does not say he was ever told to wait before filing a formal grievance, much less that he was told to wait on this occasion. He discusses an unrelated grievance he filed earlier in 2018, but none of the paperwork related to it told him he had to wait to file a formal grievance. Rather, it told him "to include proof you tried to resolve this informally (request for interview, staff statement, etc.)." ECF 22-3 at 5. Moreover, if a grievance is

---

[1] Moreover, the "Return of Grievance" form lists many reasons for rejecting grievances, but it does not include any mention of the "Request for Interview" form. *See* ECF 22-3 at 2. Rather, it requires only that the formal grievance include an "indication that you tried to informally resolve your complaint." *Id.*

5

returned because there is no indication the informal grievance process was attempted, the "Return of Grievance" form explains "There is no indication that you tried to informally resolve your complaint. If you have tried to resolve it informally, please fill out the grievance form to indicate that. If you have not tried to resolve it informally, you have five (5) days to begin that process." ECF 22-3 at 2. So submitting a timely formal grievance without an indication of an attempted informal resolution does not automatically result in a permanent rejection of the grievance. Therefore, statements allegedly made by unidentified guards to other inmates are not a basis for finding the grievance process was unavailable to Newsom on this occasion.

In this case, Newsom had until August 16, 2018, to file a formal grievance. He was not prevented from doing so. Though he attempted to file a formal grievance on August 23, 2018, it was properly rejected as untimely. "[W]hen administrative procedures are clearly laid out . . . an inmate must comply with them in order to exhaust his remedies." *Pavey v. Conley*, 663 F.3d 899, 905 (7th Cir. 2011). Here, the undisputed evidence shows Newsom did not exhaust his administrative remedies before filing this lawsuit. "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits . . . .." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999). Therefore, the defendant's motion for summary judgment must be granted.

For these reasons, the summary judgment motion (ECF 16) is GRANTED and this case is DISMISSED WITHOUT PREJUDICE because Thomas J. Newsom did not exhaust his administrative remedies as required by 42 U.S.C. § 1997e(a).

SO ORDERED on January 20, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT